## MARTIN *et al. v.* McCONNELL & COMPANY.

*Atkinson, J.*—Where an agreement for the dismissal of a pending
action rests upon the condition that the defendants will execute
a mortgage to secure a balance due upon the debt sued for, after
payment of a sum certain in pursuance of such agreement, if
the defendants offer to comply by the due execution of the
mortgage, the plaintiffs cannot defeat the right of the defend-
ants to a dismissal of the action by a refusal to accept the
mortgage. The court erred in charging to the contrary.
August 18, 1896.                  *Judgment reversed.*

Complaint on note. Before Judge Kimsey. Haber-
sham superior court. September term, 1895.

McConnell & Co. sued E. & B. C. Martin upon a promis-
sory note for $73.38. Defendants pleaded, that since the
suit was brought they had made a contract with plaintiffs,
by which the note sued on was fully paid off. Upon trial
in the superior court, the jury found for the plaintiffs the
amount sued for. The testimony for defendants was as
follows: About the first of March, 1895, after the suit on
this note and several others of plaintiffs against defendants
had been commenced, defendants proposed to plaintiffs to
make to them a payment on the debt they owed plaintiffs,
which consisted of the note sued on and several others, and
give a mortgage on real estate to secure the same, provided
plaintiffs would withdraw the suits and pay the costs, and
wait with them until fall. Plaintiffs agreed to the propo-
sition. In accordance with the contract, defendants paid
$17 in a bale of cotton and they had deposited a note with
plaintiffs as collateral, made by P. J. Shore; and after
plaintiffs sued, defendants had told Shore not to pay the
note until they and plaintiffs had a settlement. After the
contract by plaintiffs to extend time until fall, defendants
ordered Shore to pay over to plaintiffs the amount due on
the note. After defendants made the payment of $17
and the Shore note of $103, plaintiffs said one of them

would meet defendants at Clarkesville and they would draw the mortgage. Defendants did meet J. C. McConnell, one of plaintiffs, at Clarkesville as agreed, but he then refused to carry out the contract because one of the firm objected to the arrangement. So the mortgage was never executed, but defendants had been ready, and were now ready, to execute the same as agreed, and otherwise fully carry out the contract. If the contract was to be disregarded, they desired the $17 credited on this note and three other small notes, divided equally between each note.

J. C. McConnell testified, that defendants made the payment of $17, and nothing was said as to where it was to be placed. He had not placed it on any of the notes defendants owed him, but he did not care where it was placed; he was willing to have it placed on this note and three other small notes. He did agree with defendants that if they would pay him the $17 and secure the balance with a mortgage that Mr. Bowden would say was good, he would extend the time till fall on all defendants owed them; but defendants had never made the mortgage. He did not agree to pay the costs in the cases in the justice's court, and did not say anything about the Shore note to defendants the day they came to see him; but when Shore got ready to pay his note, he accepted it and gave defendants credit on the $300 note for which it was placed in his hands as collateral security.

Defendants except to the following instructions in the charge of the court:

"If the defendants had placed a note on another party with plaintiffs as collateral to secure a certain note for $300, made by defendants, payable to plaintiffs, and plaintiffs still held the note as collateral at the date on which this contract to extend time is claimed to have been made, and the collateral note was paid to plaintiffs by the party who owed it, I charge you that that was no consideration for the promise to extend time to defendants on this note; and I charge

you that plaintiffs would have had the right to credit the amount of the proceeds of the collateral note on the $300 note for which it was given or turned over to plaintiffs by the defendants to secure..

"If you should believe there was a contract between plaintiffs and defendants to extend time to defendants by defendants making or executing a mortgage or deed to plaintiffs to secure the indebtedness of defendants to plaintiffs, and the mortgage or deed has never been executed in accordance with the contract, the contract would not be binding on plaintiffs, notwithstanding defendants may have made some small payments on debts due to plaintiffs."

*G. P. Erwin* and *J. C. Edwards,* for plaintiff in error. *Jones & Bowden* and *C. L. Bass,* contra.